

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2007

# Korompis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1628

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Korompis v. Atty Gen USA" (2007). *2007 Decisions.* Paper 369.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/369

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1628
_____

RECKY ALEXAN KOROMPIS, HENY NURMA AGUSTINI,

Petitioners,

v.

ATTORNEY GENERAL of the UNITED STATES,

Respondent.

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A96-265-226)
Immigration Judge: Rosalind K. Malloy

Submitted under Third Circuit LAR 34.1(a)
Friday, September 14, 2007

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Filed September 27, 2007)


OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Recky Alexan Korompis and Heny Nurma Agustini, a married couple, petition for review of final orders of removal issued by the Board of Immigration Appeals (BIA). The BIA affirmed without opinion an Immigration Judge's (IJ's) denials of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We write only for the parties and do not state the facts separately. Because substantial evidence supports the agency's determinations, we will deny the petition.

I.

We have jurisdiction to review the BIA's final orders of removal. See 8 U.S.C. § 1252(a). Where, as here, the BIA affirms without opinion, "we review the IJ's opinion and scrutinize its reasoning." Smriko v. Ashcroft, 387 F.3d 279, 282 (3d Cir. 2004) (quotation marks omitted). The IJ's factual findings, including her determinations as to past persecution and a well-founded fear of future persecution, are reviewed for substantial evidence. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002); Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). Under this standard, we may disturb the agency's findings "only if the evidence compels a contrary conclusion." Ahmed v. Ashcroft, 341 F.3d 214, 216 (3d Cir. 2003).

II.

To be eligible for asylum, Korompis and Agustini must demonstrate that they are "refugee[s]." See 8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A). A refugee is generally "a

person unable or unwilling to return to the country of that person's nationality or habitual residence because of past persecution or because of a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion." Gao, 299 F.3d at 271-72; see 8 U.S.C. § 1101(a)(42)(A).

Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by forces that the government is either unable or unwilling to control." Mulanga v. Ashcroft, 349 F.3d 123, 132 (3d Cir. 2003). If a petitioner is found to have suffered past persecution, then a rebuttable presumption of a well-founded fear of future persecution arises. See 8 C.F.R. § 208.13(b)(1).

In considering whether substantial evidence supports the IJ's determination, we must keep in mind that "'persecution' is an extreme concept that does not include every sort of treatment our society regards as offensive." Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993). It extends only to particularly grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Id. at 1240.

Korompis and Agustini are Indonesian citizens. Both claim to have suffered persecution in Indonesia on account of their Christian faith. In addition, Korompis claims to have suffered persecution based on his Chinese ethnicity. The couple relies on two sets of incidents to support their claims of past persecution.

3

First, the petitioners rely on the hardships they suffered as a result of their relationship. Korompis is a Christian of Chinese extraction, while Agustini is an ethnic Indonesian raised in the Muslim faith. When Agustini's parents learned of their marriage, Agustini's father beat Agustini and burned the backs of her hands with cigarettes. Agustini's father also slapped Korompis, punched him in the stomach, and screamed obscenities at him. According to the petitioners, these incidents compel a finding of past persecution.

The behavior of Agustini's father is truly despicable, and the cigarette burns inflicted upon Agustini may well rise to the level of persecution. See Fatin, 12 F.3d at 1240. However, the petitioners have presented almost no evidence tending to show that the Indonesian government is "unable or unwilling to control" Agustini's family. See Mulanga, 349 F.3d at 132. The petitioners point out that both of Agustini's parents are in the military, but that fact alone does not compel a finding that the Indonesian government has given Agustini's father a roving license to beat and maim the petitioners. As a result, substantial evidence supports the IJ's conclusion that these incidents do not amount to past persecution that the government is unable or unwilling to control.

Second, the petitioners rely on the difficulties they faced at their place of business. Korompis and Agustini operated a travel agency in Indonesia. In October 2001, a group of about five Muslims came in seeking visas to travel to Saudi Arabia. Korompis processed their applications, but the Saudi Arabian embassy denied the visa requests. The

4

customers, one of whom was a police officer, did not take the news well. The police officer slammed Korompis's desk. Then, seeing a picture of Jesus hanging on the wall, the police officer called Korompis a "Chinese Christian liar" and threatened to "destroy the office." The disgruntled customers returned to the travel agency frequently, and each time Korompis fled the office. The petitioners claim that these incidents also compel a finding of past persecution.

We must disagree. Although these threats were no doubt troubling to Korompis and Agustini, the record indicates that the customers acted not on account of Korompis's religion or his ethnicity, but on account of his failure to secure the customers' visas. These were disgruntled customers, not religious or ethnic persecutors. Accordingly, substantial evidence supports the IJ's conclusion that these incidents do not amount to persecution on account of "one of the statutorily-protected grounds." See Mulanga, 349 F.3d at 132.

In addition to their claims of past persecution, Korompis and Agustini also argue that there is a pattern or practice of persecuting Christians in Indonesia. In our view, the evidence in the record does not compel a finding of any such pattern or practice. See Lie v. Ashcroft, 396 F.3d 530, 537-38 (3d Cir. 2005). We therefore hold that substantial evidence supports the IJ's denials of the petitioners' asylum claims.

### III.

Korompis and Agustini also challenge the denial of their claims for withholding of

removal. Because the petitioners are "unable to satisfy the standard for asylum, [they] necessarily fail[] to meet the standard for withholding of removal." Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). We therefore hold that substantial evidence supports the IJ's denial of withholding of removal.

## IV.

Finally, Korompis and Agustini challenge the denial of their CAT claims. To qualify for CAT relief, the petitioners must show that "it is more likely than not that [they] would be tortured" if they returned to Indonesia. 8 C.F.R. § 208.16(c)(2). To constitute torture, an act must, inter alia, be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R § 208.18(a)(1). Korompis and Agustini fear torture at the hands of Agustini's father, and they point out that Agustini's father is a military officer. Nonetheless, this fact alone does not compel a finding that Agustini's father acted in an official capacity when he burned Agustini's hands. Nor does it compel a finding that the couple is likely to face torture upon their return to Indonesia. As a result, we must hold that substantial evidence supports the IJ's denial of CAT relief.

## V.

For these reasons, we will deny the petition for review.